Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 4635 | **DATE** | 10/3/2001 |
| **CASE TITLE** | DataQuill Ltd vs. Handspring, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION:** DataQuill's motion (Doc 15-1) to strike is denied. Ruling set for October 18, 2001 is stricken. Status hearing set for October 18, 2001 at 9:30 a.m. to stand.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | OCT 04 2001 date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| SCT | courtroom deputy's initials | 01 OCT -3 PH 5: 50 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DATAQUILL LIMITED,　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　　　Plaintiff,　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
vs.　　　　　　　　　　　　　　　　　)　　01 C 4635
　　　　　　　　　　　　　　　　　　　)
HANDSPRING, INC.,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　　　Defendant.　　　　　　　　)

**DOCKETED**
OCT - 4 2001

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter comes before the court on Plaintiff DataQuill Limited's ("DataQuill") motion to strike Defendant Handspring, Incorporated's ("Handspring") affirmative defense and counterclaim. For the following reasons, the motion is denied.

### BACKGROUND

On June 19, 2001, DataQuill filed a complaint alleging infringement of a patent for a "Data Entry System," U.S. Patent No. 6,058,304 ("the '304 patent"), by Handspring. Handspring makes and sells the Visor™ handheld computer and Visorphone™ mobile telephone module. On August 1, 2001, Handspring answered the complaint with six affirmative defenses and two counterclaims, asserting that the '304 patent was invalid and unenforceable. One of the affirmative defenses and one of the

counterclaims are based on allegations that DataQuill engaged in inequitable conduct during the application process of the '304 patent. Handspring alleges that DataQuill failed to disclose two forms of material prior art to the PTO. DataQuill now moves to strike both the affirmative defense and counterclaim based on inequitable conduct.

## LEGAL STANDARD

Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Motions to strike affirmative defenses are disfavored and will not be granted "unless it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense and are inferable from the pleadings." Williams v. Jader Fuel Co., 944 F.2d 1388, 1400 (7th Cir.1991)(citations and quotation marks omitted). Thus "an affirmative defense will not be struck if it is sufficient as a matter of law or if it presents questions of law or fact." Heller Financial v. Midwhey Powder Co., 883 F.2d 1286, 1294 (7th Cir.1989).

Applying a test first set forth in Bobbitt v. Victorian House, Inc., 532 F.Supp. 734, 737 (N.D.Ill.1982), courts in the Northern District of Illinois will strike an affirmative defense as legally insufficient if "it is impossible for defendants to prove a set of facts in support of the affirmative defense that would defeat the Complaint." See, e.g., Franklin Capital Corp. v. Baker & Taylor Entertainment, Inc., 2000 WL 1222043, at *2 (N.D.Ill. Aug. 22, 2000); All EMS, Inc. v. Southland Corp., 1997 WL 392330, at

*2-3 (N.D. Ill. Jul 08, 1997); Videojet Sys. Int'l, Inc. v. Inkjet, Inc., 1997 WL 124259, at *4 (N.D.Ill. Mar. 17, 1997); Cohn v. Taco Bell Corp., 1995 WL 247996, at *1 (N.D. Ill. Apr 24, 1995). Affirmative defenses challenged on this basis are tested under a standard identical to that applied in motions to dismiss under Rule 12(b)(6). Bobbitt, 532 F.Supp. at 737. Thus we must construe the affirmative defenses in the light most favorable to the defendant and accept all well-pleaded facts and allegations in the affirmative defenses as true. Cf. Bontkowski v. First National Bank of Cicero, 998 F.2d 459, 461 (7th Cir.1993). With these principles in mind, we turn to the merits of Plaintiffs' motion.

## DISCUSSION

Applicants for patents are required to prosecute patent applications in the United States Patent and Trademark Office ("PTO") with candor, good faith, and honesty. A breach of this duty constitutes inequitable conduct. Inequitable conduct includes "affirmative misrepresentations of a material fact, failure to disclose material information, or submission of false material information, coupled with an intent to deceive." Baxter Int'l Inc. v. McGaw, Inc., 149 F.3d 1321, 1327 (Fed. Cir. 1998). To adequately plead a "failure to disclose" form of inequitable conduct, a party must allege: (1) material prior art; (2) knowledge chargeable to the patent application of prior art and its materiality; and (3) applicant's failure to disclose the prior art to the

PTO with intent to mislead. Fox Indus. Inc. v. Structural Preservation Sys., 922 F.2d 801, 803 (Fed. Cir. 1991); FMC Corp. v. Manitowoc Co. Inc., 835 F.2d 1411, 1415 (Fed. Cir. 1987).

Additionally, courts in this district measure the sufficiency of allegations of inequitable conduct against Fed. R.Civ. Pro 9(b). Videojet Sys. Int'l, Inc. v. Eagle Inks, Inc., 14 F. Supp. 2d 1046, 1049 (N.D. Ill. 1998); Heidelberg Harris, Inc. v. Mitsubishi Heavy Indus. Inc., 1996 U.S. Dist. LEXIS 17362, at *5-6 (N.D. Ill. Nov. 20, 1996); Publications Int'l Ltd. v. Western Publishing Co., Inc., 1994 U.S. Dist. LEXIS 558 (N.D. Ill. Jan. 21, 1994); Energy Absorption Sys. v. Roadway Safety Service, Inc., 1993 WL 248008, at *1 (N.D. Ill. July 2, 1993); Sun-Flex Co. Inc. v. Softview Computer Products Corp., 750 F. Supp. 962, 963 (N.D. Ill. 1990). Rule 9(b) provides that "in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Rule 9(b) is read in conjunction with Rule 8 which requires a short and concise pleading. A.I. Credit Corp. v. Hartford Computer Group, Inc., 847 F. Supp. 588, 597 (N.D. Ill. 1994). To comply with this requirement, Handspring must specify the time, place, and content of any alleged misrepresentations or omissions that DataQuill made to the PTO. Energy Absorption Sys., 1993 WL 248008, at *1; Sun-Flex, 750 F. Supp. at 963. Put another way, Handspring must plead the "who, what,

when, and where" of the alleged inequitable conduct. Videojet, 14 F. Supp. 2d at 1049 (citing Uni*Quality, Inc. v. Infotronx, Inc., 974 F.2d 918, 923 (7th Cir. 1992)).

DataQuill argues that Handspring's affirmative defense and counterclaim based on inequitable conduct should be stricken because Handspring's allegations lack the requisite specificity. This court disagrees. Handspring has adequately pleaded the individuals who engaged in the alleged inequitable conduct as the three inventors of the "Date Entry System" and their attorney. Publications Int'l, 1994 U.S. Dist. LEXIS at *10-11; see Poly-America, Inc. v. GSE Lining Tech., Inc., 1998 WL 355477, at *3 (N.D. Tex. June 29, 1998); ¶¶ 17, 18, & 20. Additionally, Handspring has identified the time period during which the fraud occurred as the time during which the application for the '403 patent was pending; specifically, Handspring alleges that DataQuill failed to disclose material prior art in the information disclosure statements of April 22, 1996, November 10, 1997, and August 16, 1999. ¶ 21. Furthermore, Handspring has alleged the place where the inequitable conduct occurred: before the PTO. See Videojet, 14 F. Supp. 2d at 1049; Poly-America, 1998 WL 355477, at *3; ¶¶ 22-26.

Moreover, Handspring has also sufficiently alleged the content of the omissions and indicated why they are material. Energy Absorption Sys. v. Roadway Safety Service, Inc., 1993 WL 389014, at *2 (N.D. Ill. Sept. 16, 1993). Handspring

specifically alleges that DataQuill failed to disclose two types of prior art to the PTO: (1) the EO Personal Communicator by AT&T and (2) the Texas Instrument patent. ¶¶ 23 & 25. Thus, Handspring has not made a broad allegation of nondisclosure in order to go on a "fishing expedition" during discovery. See Sun-Flex, 750 F. Supp. at 964 (granting motion to strike because defendants generally alleged that plaintiffs failed to disclose material prior art); Treatch v. Nextel Communications, Inc., 1999 WL 33283820, at *2 (D. Ariz. Aug. 13, 1999) (granting motion to strike because defendants merely alleged that "patent is unenforceable due to inequitable conduct"). In addition, Handspring has alleged why both types of prior art constitute material information that should have been disclosed. ¶¶ 23, 27 & 28. Therefore, Handspring's allegations have sufficiently pleaded the "who, what, when, and where" of the alleged inequitable conduct.

In support of its argument that Handspring's allegations have not met the particularity requirement of Rule 9(b), DataQuill argues that Handspring's allegations of knowledge and intent are not sufficiently specific. Rule 9(b), however, does not require specificity with regard to such allegations. The rule states that allegations of "malice, intent, knowledge and other conditions of mind of a person may be averred generally." Fed. R. Civ. Pro. 9(b). Here, Handspring alleges that "DataQuill's failure to disclose this information was knowing, willful, and done with an intent to deceive

the PTO into issuing the patent-in-suit" ¶ 29. This allegation sufficiently pleads knowledge and the intent element for inequitable conduct. See Sun-Flex, 750 F. Supp. at 963 (citing J.P. Stevens & Co. v. Lex Tex Ltd., 747 F.2d 1553, 1560 (Fed. Cir. 1984); Hycor Corp. v. Schlueter Co., 740 F.2d 1529, 1540 (Fed. Cir. 1984)); Videojet, 14 F. Supp. 2d at 1049. Whether DataQuill *actually had* the requisite intent or *actually had* knowledge of the material prior art during the application process is a factual determination that cannot be made at this stage of the litigation and, indeed, must be proved by clear and convincing evidence. FMC, 835 F.2d 1411, 1416 (Fed. Cir. 1987) (stating intent to mislead PTO is question of fact); KangaROOS U.S.A., Inc. v. Caldor, Inc., 778 F.2d 1571, 1573 (Fed. Cir. 1985) (stating "evidence on the factual question of intent cannot be refused consideration"); see Baxter Int'l, 149 F.3d at 1321 (reviewing trial court's findings after trial); Critikon, Inc. v. Becton Dickinson Vascular Access, 120 F.3d 1253, 1256 (Fed. Cir. 1997); Molins PLC v. Textron, Inc., 48 F.3d 1172, 1178-81 (Fed. Cir. 1995). For the purposes of this motion, Handspring has sufficiently alleged DataQuill's knowledge and intent and merits the opportunity to develop more facts in support of its allegations.

DataQuill further argues that some of Handspring's allegations are insufficient because they are made on "information and belief." While such allegations are not generally favored in this district, they will be deemed sufficient if the plaintiff states the

grounds for the suspicion of inequitable conduct. Videojet, 14 f. Supp. 2d at 1049 (citing Uni*Quality, Inc., 974 F.2d at 923). In this case, Handspring alleges the facts which form the basis of its suspicion that DataQuill engaged in inequitable conduct. Additionally, many of the allegations DataQuill attacks as insufficient because they are based on information and belief are allegations regarding knowledge. As explained above, such allegations need not be pled with particularity. Accordingly, the court finds that Handspring's allegations are not made insufficient because they are prefaced with language stating they are "based on information and belief." Thus, Handspring's allegations adequately plead inequitable conduct and should not be stricken.

## CONCLUSION

For the foregoing reasons, DataQuill's motion to strike is denied.

*Charles P. Kocoras*

Charles P. Kocoras
United States District Judge

Dated: October 3, 2001