Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 4635 | **DATE** | 12/20/2002 |
| **CASE TITLE** | | DataQuill Ltd vs. Handspring, Inc. | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION:** We grant the motion to strike paragraph 32 of Handspring's statement of facts, the Maki declaration to the extent that it does not serve authentication purposes, and the Hawkins declaration and its exhibits. All other motions to strike included within DataQuill's motion to strike certain statements of fact accompanying Handspring's renewed motion for summary judgment are denied. Answer to pending motions for summary judgment due January 10, 2003. Reply due January 21, 2003. The Court will rule by mail.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | DEC 23 2002 date docketed | |
| | Notified counsel by telephone. | | | |
| ✓ | Docketing to mail notices. | | | 110 |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 02 DEC 20 AM 9:25 | date mailed notice | |
| | SCT courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

DATAQUILL LIMITED,

        Plaintiff,

vs.                              01 C 4635

HANDSPRING, INC.,

        Defendant.

DOCKETED DEC 2 3 2002

## MEMORANDUM OPINION

CHARLES P. KOCORAS, Chief District Judge:

This case comes before the court on Plaintiff DataQuill Limited's ("DataQuill") motion to strike portions of Defendant Handspring, Inc.'s ("Handspring") Local Rule 56.1 statements of facts. For the reasons stated below we deny the motion in part and grant the motion in part.

## BACKGROUND

On October 3, 2002 we denied without prejudice Handspring's summary judgement motion because neither Handspring nor DataQuill complied with Local Rule 56.1. Handspring has since filed a renewed motion for summary judgement and a revised 56.1 statement of facts ("statement of facts"). DataQuill now seeks to have portions of that statement stricken.

110

## DISCUSSION

We first note that DataQuill asks us to strike certain paragraphs in the statement of facts. We will address DataQuill's arguments concerning the declarations and exhibits at issue. However, we will not then go back through the statement of facts paragraph by paragraph and note the effect of our rulings. DataQuill can rest assured that, in reviewing the 56.1 statements and in making our decision concerning summary judgement, we shall take into consideration all of our rulings in regards to this motion to strike.

### I. Conciseness and Legal Conclusions

DataQuill first claims that the statement of facts contains legal conclusions and argument and that the factual paragraphs are not concise. We are satisfied that the statement of facts paragraphs are reasonably concise and do not contain legal conclusions or argument with one exception. We grant the motion to strike paragraph 32 in the statement of facts which states in part: "U.S. Patent No. 5,465,401 . . . has a specification nearly identical to that of U.S. Patent No. 5,335,276 . . .."

### II. Maki Declaration and Exhibits

DataQuill also asks this court to strike the declaration of Ken Maki ("Maki") and Exhibits A to E attached thereto. Testimony by a witness that was not disclosed during discovery under Federal Rule of Civil Procedure 26(a) cannot be used at trial unless

the violation of Rule 26(a) was "justified or harmless." Fed. R. Civ. P. 37(c)(1); *Finley v. Marathon Oil Co.*, 75 F.3d 1225, 1230 (7th Cir. 1995). DataQuill argues that the Maki declaration should be stricken because Handspring did not disclose Maki as a potential witness during discovery. Handspring argues that, because it indicated that it would be relying on a user manual written by Maki entitled "AT&T EO Travel Guide" ("Travel Guide")(Exhbt. A to Maki Decl.), DataQuill had notice that Maki might be called as a witness. Handspring claims that much of Maki's declaration merely affirms information already included in the Travel Guide. DataQuill also seeks to strike Exhibit A accompanying the Maki declaration because without Maki's testimony the document cannot be authenticated. *See Smith v. City of Chicago*, 242 F.3d 737, 741 (7th Cir. 2001) (stating that for a summary judgement motion the court can only consider material that can be properly authenticated and would otherwise be admissible at trial).

Allowing Maki to submit a declaration with new information would not be harmless or justified. However, we think that DataQuill was sufficiently aware that Maki might be required to authenticate the Travel Guide because Maki is listed as the author on the first page of the Travel Guide. To allow Maki to authenticate the Travel Guide would be harmless. Therefore, we grant the motion to strike the Maki

declaration to the extent that it does not serve to authenticate the Travel Guide. Handspring will only be allowed to use the declaration for authentication purposes.

DataQuill also seeks to have the exhibits accompanying Maki's declaration stricken because they are hearsay. Handspring claims the exhibits are admissible under the business records exception. A statement that is inadmissible as hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c). One exception to the inadmissibility of hearsay is the business record exception. Fed. R. Evid. 803(6). In order for evidence to fall under the business records exception: "1) the document must be prepared in the normal course of business; 2) it must be made at or near the time of the events it records; and 3) it must be based on the personal knowledge of the entrant or personal knowledge of an informant having a business duty to transmit the information to the entrant." *Datamatic Services, Inc. v. United States*, 909 F.2d 1029, 1032 (7th Cir. 1990). There are five exhibits attached to Maki's declaration. Exhibit A is the Travel Guide written by Maki. Exhibits B, C, D, and E are user manuals prepared by Handspring entitled "Getting Started," "Lookup Guide," "The World of Messaging," and "Connecting." DataQuill claims that the exhibits are inadmissible, but does so in a conclusory fashion and without any analysis to back up its assertion. DataQuill presents as support for its hearsay argument

*Eisenstadt v. Centel Corp*, 113 F.3d 738, 742 (7th Cir. 1997). However, *Eisenstadt* concerned only the catchall exception to the hearsay rule and never addressed or even mentioned the business records exception.

Maki indicated in his deposition that the Travel Guide was the second computer book he has written and thus we are satisfied that the Travel Guide was written in the ordinary course of business. DataQuill has not presented evidence to show that Maki is not going to continue to regularly write such manuals. Whether or not there was a formal deal and whether or not he was paid is not determinative on this issue. Rule 803(6) states: "The term 'business' as used in this paragraph includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit." Fed. R. Evid. 803(6). Also, a user manual based on Maki's observations falls within the coverage of Rule 803(6) when it refers to a "[m]emorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses . . .." *Id.* Based on the facts before us, it appears that the Travel Guide was based on Maki's personal knowledge and was entered near the time when he inspected the EO personal communicator. Therefore, the Travel Guide falls under the business records exception.

Handspring presented a declaration of Celest Baranski, a Vice-President of Handspring, to show that the other user manuals were prepared in the ordinary course

of business. DataQuill again offers little explanation for its assertion that the exhibits do not fall under the business record exception or its assertion that Baranski cannot authenticate the documents. Their only argument is that Baranski cannot testify to show a business record exception because in her deposition she indicated that she was not sure whether the user manual exhibits shown to her were the final versions. Rule 803(6) requires that a "custodian or other qualified witness" testify that the requirements for the business records exceptions are met. Fed. R. Evid. 803(6). The qualified witness need not have prepared the record or "have personal knowledge of the entries in the records," but the witness must "have knowledge of the procedure under which the records were created." *Collins v. D.J. Kibort*, 143 F.3d 331, 337-38 (7th Cir. 1998). Baranski appears to be a qualified witness and DataQuill has not given us sufficient reason to believe otherwise. Also, to authenticate a document its proponent must provide sufficient evidence to show that the document "is what its proponent claims." Fed. R. Evid. 901(a). DataQuill has not shown that Baranski is unable to meet the authentication standard. Therefore, we deny the motion to strike Exhibits A, B, C, D, and E attached to the Maki declaration.

III. Hawkins and Sanders Declaration Exhibits

DataQuill also argues that the Jeff Hawkins ("Hawkins") declaration and its exhibits should be excluded because they concern subjects that were not brought up in

discovery and the documents contain hearsay. Handspring states that they did not obtain Exhibit B until shortly before the summary judgement motions were due and the exhibit was offered only to corroborate Hawkins' testimony and not for the truth of its contents. Handspring has not sufficiently explained why it would not be offering Exhibit B for the truth of its contents. Handspring claims that Exhibit A was only used to refresh Hawkins' recollection. If that is true, then it will not be admitted into evidence and should not be considered for this summary judgement motion. Hawkins was not listed in Handspring's Rule 26(a)(1) disclosure statement. Therefore, we grant the motion to strike the Hawkins declaration and its exhibits.

DataQuill also seeks to have Exhibits M, N, and O attached to the Richard Sanders declaration stricken because they are not authenticated, they constitute hearsay, and they are untrustworthy. Handspring claims that the exhibits are not being offered for the truth of their contents. Based on the information before us, we are not convinced that the exhibits cannot be properly authenticated, that they are untrustworthy, or that they are hearsay. Therefore we deny the motion to strike Exhibits M, N, and O attached to the Richard Sanders declaration, although we will be mindful of this hearsay objection and will disregard the exhibits should the truth of their contents be put at issue.

## CONCLUSION

Based on the foregoing analysis we grant the motion to strike paragraph 32 of Handspring's statement of facts, the Maki declaration to the extent that it does not serve authentication purposes, and the Hawkins declaration and its exhibits. All other motions to strike included within DataQuill's motion to strike certain statements of fact accompanying Handspring's renewed motion for summary judgement are denied.

_Charles P. Kocoras_
Charles P. Kocoras
Chief Judge
United States District Court

Dated: __DEC 2 0 2002__