Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 4635 | **DATE** | 4/16/2003 |
| **CASE TITLE** | DataQuill Ltd vs. Handspring, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ■ Status hearing set for 5/19/2003 at 9:30 A.M..
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Ruling held. **ENTER MEMORANDUM OPINION:** We grant the motion (Doc 133-1) to reconsider in part and deny it in part.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | APR 17 2003 date docketed | 136 |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 03 APR 16 AM 10:03 | APR 17 2003 date mailed notice | |
| SCT | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DATAQUILL LIMITED, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 01 C 4635 |
| | ) | |
| HANDSPRING, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, Chief District Judge:

This matter comes before the court on Plaintiff DataQuill Limited's ("DataQuill") motion to reconsider our ruling on Defendant Handspring, Inc.'s ("Handspring") motion for summary judgment. For the reasons set forth below, we grant the motion to reconsider in part and deny it in part.

DOCKETED
APR 1 7 2003

## BACKGROUND

DataQuill brought this action against Handspring for patent infringement, inducement of patent infringement, and contributory patent infringement pursuant to 35 U.S.C. § 271(a)-(c). The patent in suit is U.S. Pat. No. 6,058,304 (the "'304 patent"), which is owned by DataQuill. The '304 patent describes a data entry device that can be used for inventorying or other data management purposes. The patent further describes a mobile handheld unit that, alone or in conjunction with a less

136

mobile base unit, has an integral sensor, control, storage, display means, and a telecommunications interface that enable the device to be used in an efficient and self-contained manner for the capture, processing, storage, display, and transmission of data. In other words, the device is a handheld mobile computer that can input data, display data, store data, process data, and exchange data with a remote system.

Handspring makes and sells devices it markets under the names Treo and Visor. It is not entirely clear what the Treo and Visor products do, what they look like, or how they operate. What is clear is that DataQuill alleges that the Treo product directly infringes and the Visor product indirectly infringes by inducing and/or contributing to third party infringement. The Visor product does not directly infringe because, without the attachment of a module providing telecommunication capabilities, it is incapable of exchanging data with a remote source. Handspring moved for summary judgment of non-infringement as to all of DataQuill's claims against it. We denied the motion with respect to direct infringement by the Treo, and granted the motion with respect to indirect infringement by the Visor. (Dkt. No. 132.) DataQuill now moves to have the ruling reconsidered.

**LEGAL STANDARD**

Rule 59(e) permits parties to file, within ten days of the entry of a judgment, a motion to reconsider the judgment. Motions for reconsideration under Rule 59(e) are

designed "to correct manifest errors of law or fact or to present newly discovered evidence." *Publishers Res., Inc. v. Walker-Davis Publ'ns, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985). Such motions do not give a party the opportunity to rehash old arguments or to present new arguments "that could and should have been presented to the district court prior to the judgment." *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996) (citing *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995)). Rather, a Rule 59(e) motion "must clearly establish either a manifest error of law or fact or must present newly discovered evidence" in order to be successful. *LB Credit Corp.*, 49 F.3d at 1267 (quoting *Federal Deposit Ins. Corp. v. Meyer*, 781 F.2d 1260, 1268 (7th Cir. 1986)). The decision of whether to grant or deny a Rule 59(e) motion "is entrusted to the sound judgment of the district court." *In re Prince*, 85 F.3d 314, 324 (7th Cir. 1996).

## DISCUSSION

DataQuill asks us to reconsider our ruling that the Handspring-manufactured Visor device does not infringe the '304 patent. Specifically, DataQuill states that we incorrectly interpreted their Visor infringement case as only for indirect infringement and that we incorrectly held against it on indirect infringement.

DataQuill's first argument is that we misconstrued that the Visor was only relevant to indirect infringement. On the contrary, DataQuill now states that the Visor,

together with another Handspring product–the VisorPhone, directly infringes the '304 patent. DataQuill admits that the Visor, by itself, does not directly infringe the '304 patent. (Handspring Statement of Facts ¶ 21 (admitted).) Nevertheless, DataQuill argues that it directly infringes the patent when it is combined by a consumer with the VisorPhone. Because there is no indication that the Visor and VisorPhone are sold together as a single unit, this is an allegation of indirect infringement, not direct infringement. *See Unique Concepts, Inc. v. Brown*, 939 F.2d 1558, 1562 (Fed. Cir. 1991) (direct infringement requires "every element of the claim [to] be found in the accused device either literally or equivalently.").

DataQuill next argues that we incorrectly ruled against it on its indirect infringement claims. As an initial matter, we must clarify that, although DataQuill generally challenges our holding on indirect infringement, which encompasses both inducement to infringe and contributory infringement, it limits its argument to inducement to infringe. In any event, we held against DataQuill on the contributory infringement claims for a separate and independent reason that DataQuill does not contest: DataQuill could not demonstrate that the Visor was "not a staple article or commodity of commerce suitable for substantial noninfringing use." *See* 35 U.S.C. § 271(c); *Lummus Indus. v. D.M. & E. Corp.*, 862 F.2d 267, 272 (Fed. Cir. 1988). Accordingly, we do not review our ruling on contributory infringement, and that ruling remains unaltered.

DataQuill's inducement claim contends that the Visor is ultimately used by consumers in conjunction with the VisorPhone and other communications modules manufactured by third parties. DataQuill further contends that such combined use constitutes direct infringement by consumers, and that Handspring's encouragement of such use is an inducement to infringe in violation of 35 U.S.C. § 271(b). In our previous ruling, we granted Handspring summary judgment on the inducement to infringe claims because we found a lack of evidence to support a finding of direct infringement by consumers. *See Joy Techs. v. Flakt, Inc.*, 6 F.3d 770, 774 (Fed. Cir. 1993) ("Liability for either active inducement of infringement or for contributory infringement is dependent upon the existence of direct infringement."). DataQuill now maintains that we erred because our finding was based on an issue that was not placed in dispute by the parties. We did so err. Handspring's motion for summary judgment on the inducement claims is denied.

## CONCLUSION

Based on the foregoing analysis, we grant the motion to reconsider in part and deny it in part.

_[signature]_

Charles P. Kocoras
Chief Judge
United States District Court

Dated: APR 1 6 2003