Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 4635 | **DATE** | 5/7/2004 |
| **CASE TITLE** | DataQuill Limited vs. Handspring, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION:** Pending motions are granted in part and denied in part. The Court will entertain brief oral argument on DataQuill's fifth motion in limine at time of trial.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | MAY 10 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 177 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | SCT courtroom deputy's initials | | MAY 10 2004 date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DATAQUILL LIMITED, )
)
Plaintiff, )
)
vs. ) 01 C 4635
)
HANDSPRING, INC., )
)
Defendant. )

## MEMORANDUM OPINION

CHARLES P. KOCORAS, Chief District Judge:

This matter comes before the court on the parties' motions in limine. Plaintiff DataQuill Limited ("DataQuill") and Defendant Handspring Incorporated ("Handspring") have each filed ten motions.

### BACKGROUND

DataQuill is the owner of U.S. Patent No. 6,058,304 ("the '304 patent") for a handheld data entry system. Its complaint alleges various infringement theories against Handspring, for products it manufactures, including those marketed under the names Treo and Visor. In February 2003, Handspring filed a motion for summary judgment, asserting both that the accused devices did not infringe the '304 patent and that the patent was invalid for a number of reasons. We granted summary judgment to

Handspring on the issue of contributory infringement by the Visor products as well as invalidity of claims 61 and 62. For the remaining questions presented in the motion, we found that there were genuine issues of material fact.

In conjunction with the filing of the final pretrial order, the parties have each filed ten motions in limine.

## LEGAL STANDARD

The power to exclude evidence pursuant to motions in limine is part and parcel of a district court's authority to manage trials. Falk v. Kimberly Servs., 1997 WL 201568, *1 (N.D. Ill. Apr. 16, 1997). Motions in limine should be granted only when the evidence under attack is clearly inadmissible on all potential grounds. Hawthorne Partners v. A.T. & T. Technologies, Inc., 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). The admissibility of some proposed evidence cannot be determined without a proper frame of reference, and motions in limine pertaining to such evidence should be denied. See Tzoumis v. Tempel Steel Co., 168 F. Supp. 2d 871, 873 (N.D. Ill. 2001). Of course, such a denial does not mandate that the subject evidence be admitted at trial; rather, it allows the court to address pertinent questions of admissibility within a proper context. Hawthorne Partners, 831 F. Supp. at 1400-01. Moreover, a district court can alter a previous ruling on a motion in limine. Luce v. U.S., 49 U.S. 38, 41-42, 105 S. Ct. 460 (1984). With these principles in mind, we address the motions before us.

# DISCUSSION

## A. DataQuill's Motions

*1. Motion to Exclude Undisclosed Invalidity Contentions and Related References*

This motion seeks to exclude certain exhibits illustrating prior art references. DataQuill contends that Handspring has never disclosed or articulated the relevance of these items to any of their invalidity contentions. Handspring claims are relevant to establishing the state of the art at the time of the invention, which directly pertains to their previously advanced theories of invalidity due to obviousness. Thus, it does not appear that the exhibits in question are unrelated to a contention already advanced, and the motion is accordingly denied.

*2. Motion to Exclude Testimony from Jeff Hawkins, Donna Dubinsky, and Edward Colligan*

DataQuill's second motion is directed at the proposed testimony of three individuals: Jeff Hawkins, Donna Dubinsky, and Edward Colligan.[1] In support of its motion, DataQuill points to the absence of these names from Handspring's Rule 26(a) disclosure. While it does not appear that Handspring ever formally included these three in its disclosure, DataQuill admits that it had an opportunity to depose Hawkins

---

[1] The motion actually mentions four individuals: Hawkins, Dubinsky, Colligan, and a "Handspring Corporate Designee re Financial Information." In light of Handspring's representation that the third and fourth individuals in this list are the same person, we do not consider them separately.

and Dubinsky as well as Colligan's predecessor. In addition, DataQuill was not required to limit its deposition inquiry to any particular subjects. Thus, we conclude that there is no ground for wholesale exclusion of these witnesses from the stand. Consequently, DataQuill's second motion in limine is denied.

*3. Motion to Exclude Handspring's Patents*

DataQuill's motion to exclude evidence of patents Handspring owns is denied. As Handspring points out, these are relevant to issues of willfulness. Furthermore, the concern that the jury will perceive the existence of Handspring's patents in an improper way is best addressed by an appropriate jury instruction if the necessity arises.

*4. Motion to Exclude Evidence of DataQuill's Commercialization Efforts*

With this motion, DataQuill wishes to bar any evidence of their efforts to build and commercialize an embodiment of the '304 patent. The breadth of material that could be included within this category is too vast for a preliminary ruling of complete inadmissibility. As is the case with the motion to exclude Handspring's patents, any misconceptions the jury might gain about the proper use of this evidence can be addressed with a suitable instruction. Thus, the motion is denied.

*5. Motion to Exclude Claim Construction Issues First Disclosed During Expert Discovery*

Here, DataQuill insists that Handspring should be precluded from asserting interpretations of claim terms other than the six identified in Handspring's answer to DataQuill's Interrogatory number 3. According to DataQuill, this result is appropriate because 1) Handspring is judicially estopped from doing so, and 2) any other terms were not properly disclosed during discovery. With respect to the first ground, we agree with Handspring that they have not taken an inconsistent position on the terms listed within DataQuill's motion, so the doctrine of judicial estoppel does not apply. As for the second ground, the parties' submissions do not provide sufficient information to enable the court to decide the issue. Accordingly, the court will entertain brief oral argument on that issue at time of trial.

*6. Motion to Exclude Evidence and Argument Denigrating the PTO or Its Examiners*

Next, DataQuill wishes to exclude testimony expected to be given by George Gerstman. In its motion, DataQuill avers that Gerstman will testify regarding general problems at the Patent and Trademark Office, such as overwork and limitations in time spent reviewing applications. In response, Handspring represents that Gerstman will restrict his testimony to specific problems he contends occurred during the prosecution of the '304 patent. Because we cannot conclude at this time that any testimony in this

vein will be inappropriate, the motion is denied. However, Handspring is cautioned that we will not look favorably on Gerstman straying into areas beyond those indicated in its response.

7. *Motion to Exclude Evidence and Arguments on "Touch Screen" and Lack of Written Description*

DataQuill's seventh motion revolves around the sufficiency of the written description of the '304 patent with respect to claims 9, 40, and 61–63. The basis of their argument is that our opinion on the motion for summary judgment forecloses Handspring from contending that those claims are invalid for lack of a written description. Specifically, they suggest that our statement "the specification clearly explains how a touch screen can supplement or altogether replace the bar code reader" contains an implicit conclusion that the five disputed claims meet the requirements of 35 U.S.C. 112 ¶ 1 as a matter of law.

This argument is incorrect for two reasons. First, we were not asked to consider the sufficiency of the written description at the summary judgment stage. Moreover, because of its dependence on the state of the art at the time of the invention, this type of determination is seldom amenable to resolution on summary judgment. See Moba, B.V. v. Diamond Automation, Inc., 325 F.3d 1306, 1319 (Fed. Cir. 2003). Consequently, DataQuill's theory of an implicit conclusion on this issue is

inappropriate. Second, the cited portion of our opinion addressed the issues of new matter and infringement with respect to these claims. These considerations can be made separate and apart from a decision on whether the written description contained in the patent specification will pass muster under § 112 ¶ 1. See id. at 1320–21; Gentry Gallery, Inc. v. Berkline Corp., 134 F.3d 1473 (Fed. Cir. 1998). The issues we decided in ruling on the motion for summary judgment do not necessarily affect the question we did not address: whether claims 9, 40, and 61–63 of the '304 patent are invalid because they lack an adequate written description. Thus, DataQuill's motion to exclude evidence pertaining to this issue is denied.

*8. Motion to Exclude Handspring's New Noninfringement and Invalidity Claims/Defenses Disclosed After Discovery*

Despite its genericized title, this motion boils down to an attack on certain theories advanced by Handspring's putative experts Allais and Cheponis. With respect to Allais's obviousness theories, we have already decided the issue in Handspring's favor. With respect to Cheponis's nonenablement contentions, there is nothing improper about an expert advancing an independent opinion, even if that opinion does not precisely track the interrogatory responses given by the party tendering the expert. Thus, this motion is denied.

*9. Motion to Exclude Arguments Relating to Inequitable Conduct*

The question of inequitable conduct has been bifurcated from the issues to be presented to the jury in this case. DataQuill moves to exclude this issue from the upcoming jury trial. Handspring agrees, as it must, that the issues pertaining to DataQuill's allegations of inequitable conduct have no place in front of a jury. Consequently, this motion is granted.

*10. Motion to Exclude Advice of Counsel or Other Matters That Handspring Asserted Were Privileged*

With its final motion in limine, DataQuill seeks to preclude Handspring from advancing advice of counsel as a defense to any of the claims in this suit, particularly willful infringement. The motion is predicated on Handspring's earlier disavowal of any intention to advance this ground in presenting its defense as well as Handspring's refusal to permit discovery into any legal advice it received in this case. Handspring does not appear to quibble with this motion to the extent it encompasses advice of counsel. However, there is a concern on Handspring's part that the evidence excluded not extend to other defenses it may have to a claim of willful infringement. DataQuill's motion, by its terms, does not extend beyond the issue of advice of counsel. The motion is granted. As none of the other potential issues causing Handspring's unease are properly before us, we express no opinion on their applicability or admissibility.

## B. Handspring's Motions

*1. Motion to Exclude Testimony of Edward Koch*

Handspring objects to two items of proposed testimony from Edward Koch: 1) matters outside his expert report and deposition, and 2) his opinion on the weight of the evidence presented by DataQuill. With respect to the latter, the motion is granted. Despite DataQuill's argument that Koch is qualified to include his opinion of whether the evidence is sufficient to surpass the applicable "clear and convincing" standard, we agree with Handspring that it is the province of the jury to decide this for themselves. To allow Koch, as an expert, to opine in this area is fraught with danger that the jury will not thereafter be able to reach an independent conclusion on that issue. With respect to the former, the motion is denied. The potential evidence and testimony within its reach is too extensive for us to categorically exclude it at this point.

*2. Motion to Exclude Evidence of Inducement of Infringement by Handspring Treo Products*

This motion was prompted by DataQuill's inclusion of an inducement to infringe claim with respect to Handspring's line of Treo products. Handspring seeks to exclude this theory, attesting that this is the first appearance of the theory and thus comes too late to be included in the upcoming trial. We agree. As was apparent from the parties'

submissions and our opinion deciding the motion for summary judgment, DataQuill did not contend at that time that its inducement theory extended to the Treo line, despite the fact that Handspring's noninfringement challenge contained no restriction to certain brands or products. Therefore, we disagree with DataQuill's assertion that this claim has been in the suit all along; rather, it appears it made its debut in the proposed jury instructions. Consequently, this motion is granted.

*3. Motion to Exclude Evidence Relating to Handspring Treo 300 and Treo 600 Products*

In this motion, Handspring challenges the inclusion of evidence with respect to two of its Treo line of products, which were not released until well after this suit was underway. Because these products necessarily could not have been included in the parties' fact discovery, Handspring contends that they cannot find their way into the trial. DataQuill counters that the two products were fair game during expert discovery and were explored to some extent at that time. Furthermore, it does not appear that these two products are so radically different from their predecessors that wholescale exclusion of them would be warranted based on their somewhat tardy arrival. Accordingly, this motion is denied.

*4. Motion to Exclude Evidence of Direct Infringement Relating to Handspring Visor Product Combinations*

In its response to this motion, DataQuill states that it does not intend to revisit our prior rulings that it is limited to asserting inducement to infringe with respect to Visor product combinations. In light of this representation, we grant Handspring's motion to exclude evidence pertaining to direct infringement of the '304 patent by combinations of Visor products.

*5. Motion to Permit Testimony of Donna Dubinsky and Jeff Hawkins*

This motion is the converse of DataQuill's second motion. As stated in our earlier discussion, both Dubinsky and Hawkins will be allowed to testify. Accordingly, this motion is granted.

*6. Motion to Exclude Evidence of Glenayre Sales of Handspring Visor Products and Wireless Modems*

Handspring's sixth motion pertains to evidence of sales of a combination product manufactured by a company called Glenayre Electronics ("Glenayre") that includes its Visor product. Sale of the finished product is permitted by a license DataQuill granted to Glenayre. Despite this, DataQuill claims that Handspring should be subject to a claim for inducing Glenayre customers to use the final product and thus to infringe the '304 patent to the extent that that Visor product is included. However,

if there can be no infringement by the finished product, we fail to see how a customer can be induced to do something that is not itself possible. Thus, this motion is granted.

*7. Motion to Exclude Evidence of Foreign Sales*

In this motion, Handspring seeks to prevent DataQuill from including within its damage calculation any sales of products that were manufactured and sold entirely outside of the United States. The motion contends that these sales cannot be considered because of the territorial nature of patent rights. DataQuill counters that its calculations are allowable because they can be tied to an offer to sell by Handspring within the boundaries of this country, thus potentially bringing it within the ambit of 35 U.S.C. § 271. In this instance, DataQuill has the better of the argument. As discussed at length in a case cited by Handspring, the predecessor of the current § 271 limited infringing activities to manufacture, use, or sale within the United States. Rotec Indus., Inc. v. Mitsubishi Corp., 215 F.3d 1246, 1251–57 (Fed. Cir. 2000). However, the addition of the "offers to sell" language expanded the types of activities within our borders that can support damages for infringement. As a result, we cannot say at this stage that the foreign sales Handspring cites could not possibly fall within the scope of § 271. The motion is therefore denied.

*8. Motion to Exclude Evidence of Inducement of Infringement*

With this motion, Handspring attempts to bar DataQuill from presenting any evidence of inducement of infringement. It argues that DataQuill has not identified evidence of specific intent to induce infringement or actual infringement by a third party who was induced by Handspring's actions. We disagree that there is no evidence whatsoever bearing on these two issues; whether it will be enough to allow DataQuill to carry the day is a separate question that cannot be resolved on a motion in limine. Thus, the motion is denied.

*9. Motion to Exclude Testimony of N. Rhys Merrett, Mark Milhench, and Ian Harris*

In response to this motion, DataQuill represents that it will not call these witnesses during the jury portion of the trial. The motion is therefore granted.

*10. Motion to Exclude Evidence of Secondary Considerations of Nonobviousness*

The responses to Handspring's Interrogatory No. 14 contain explication and examples regarding DataQuill's contentions of secondary considerations of nonobviousness. While we express no opinion regarding the strength of this support, we will not exclude DataQuill from presenting it at trial. The motion is denied.

## CONCLUSION

Based on the foregoing analysis, DataQuill's first, second, third, fourth, sixth, seventh, and eighth motions in limine are denied. Its ninth and tenth motions are

granted. The court will entertain brief oral argument on DataQuill's fifth motion in limine at time of trial.

Handspring's third, seventh, eighth, and tenth motions in limine are denied. Its second, fourth, fifth, sixth, and ninth motions are granted. Its first motion is denied in part and granted in part as discussed within the court's opinion.

*Charles P. Kocoras*

Charles P. Kocoras
Chief Judge
United States District Court

Dated: MAY - 7 2004